Eric SCHWARTZ, Appellant,

v.

INTERNAL REVENUE SERVICE.

No. 74–1392.

United States Court of Appeals,
District of Columbia Circuit.

Order 10 Sept. 1974.

Opinion 14 Feb. 1975.

John H. Harwood, Victor Kramer and Richard B. Wolf, Washington, D. C., were on the pleadings for appellant.

Scott P. Crampton and Meyer Rothwacks, Attys., Tax Div., U. S. Dept. of Justice, were on the pleadings for appellee.

Before WRIGHT and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

This is a suit to compel disclosure of certain documents in the possession of the Internal Revenue Service (IRS) under the Freedom of Information Act (FOIA).[1] Plaintiff, along with other members of the Institute for Public Interest Representation, had written to the IRS requesting that they be furnished with all documents relating to Form 4875, dated during 1972 and written by or sent to eleven named officials of the Treasury and the IRS. Form 4875 was developed as the means by which a federal taxpayer could designate one dollar of his annual tax payment for the Presidential campaign fund of his choice.[2] Twenty such documents were ultimately identified. Though plaintiff and his associates were first denied all access to the information, four documents were released when they appealed their request to the Commissioner of Internal Revenue, and six more were released after this suit was filed. The IRS provided a brief description of the content of each of the remaining documents and produced them for *in camera* inspection by the District Court.

The District Court granted summary judgment in favor of the IRS and issued a one-page order stating that "each of the aforementioned documents or records is within Exemption 5 of the Freedom of Information Act [5 U.S.C. § 552(b)(5)] . . . in that each is an intra-agency or inter-agency memorandum which would not be available by law to a party in litigation with the Internal Revenue Service."[3] Plaintiff then moved the

---

1. 5 U.S.C. § 552 (1970).

2. Act of 10 December 1971, Pub.L. 92–178, § 802, 85 Stat. 573.

3. The entire text of the District Court's order is as follows:

Upon consideration of the cross-motions for summary judgment filed by the plaintiff and defendant herein, it appears to the Court that there is no genuine issue as to any material fact involved in this matter. The Court has made a detailed *in camera* examination of each of the ten documents or records of the Internal Revenue Service which are the subject of this action, and concludes that each of the aforementioned documents or records is within Exemption 5 of the Freedom of Information Act [5 U.S.C. § 552(b)(5)] in that each is an intraagency or inter-agency memorandum or letter which would not be available by law to a party in litigation with the Internal Revenue Service and that the defendant's motion for summary judgment should be

court to specify with greater particularity the legal basis for exemption relied on by the court with respect to each document. The motion was denied. We hold that the denial of plaintiff's request was an abuse of discretion and therefore we reverse.

## I. EXEMPTION 5 OF THE FOIA

■ The FOIA provides that any citizen may have access to all "identifiable records" of a federal agency except those falling within nine specified exemptions, the fifth of which is for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[4] The purpose of Exemption 5 is very clearly to ensure that "open, frank discussions between subordinate and chief" will not be made impossible by the agencies having to "operate in a fishbowl."[5]

■ There are two important limitations on the kind of memorandum that may be *withheld* under this exemption. The first is that "factual" material may not be withheld.[6] The reason usually given for this limitation is that the "not available to a party in litigation" clause of Exemption 5 was intended to make sure that the Government would be able to withhold from the seeker of disclosure

under the FOIA only what it could withhold from an adverse litigant seeking discovery under Rule 26 of the Federal Rules of Civil Procedure. That rule provides that the Government's privilege against discovery of internal memoranda extends only to those "in which opinions are expressed [and] policies formulated and [recorded]."[7] In addition, it is well established that documents are not protected merely because they contain partly "opinion" and partly "fact"; the Government must disclose "purely factual material appearing in those documents in a form that is severable without compromising the private remainder."[8]

■ The second major limitation on the exemption for internal memoranda is that they are not protected, even though they are deliberative rather than factual, if they represent policies, statements or interpretations of law that the agency has actually adopted. The purpose of this limitation is to prevent bodies of "secret law" from being built up and applied by government agencies.[9] The policy basis for this exemption is derived from a perceived need not to frustrate the explicit commands of the statute that "final opinions . . . and . . . orders," "statements of policy" and "instructions to staff" be accessible to the public.[10] Although the precise scope of this limitation is not here at issue it

granted. EPA v. Mink, et al., 410 U.S. 73, 85–87 [93 S.Ct. 827, 35 L.Ed.2d 119]. Accordingly, it is this 2nd day of January, 1974,

ORDERED, that the plaintiff's motion for summary judgment is denied and that the defendant's motion for summary judgment is granted and that this action is hereby dismissed.

4. 5 U.S.C. § 552(b)(5). The Freedom of Information Act has recently been amended, Act of 21 November 1974, Pub.L. 93–502. However, the recent amendment has no effect on this appeal.

5. S.Rep. 813, 89th Cong., 1st Sess. (1965), p. 9, *quoted in* Environmental Protection Agency (EPA) v. Mink, 410 U.S. 73, 87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1972); *see also* H.R.Rep.No. 1497, 89th Cong., 2d Sess (1966), p. 10.

6. EPA v. Mink, *supra* at 89, 93 S.Ct. 827; Soucie v. David, 145 U.S.App.D.C. 144, 154–

55, 448 F.2d 1067, 1077–78 (1971). Bristol-Myers Co. v. FTC, 138 U.S.App.D.C. 22, 26, 424 F.2d 935, 939, cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970).

7. Ackerly v. Ley, 137 U.S.App.D.C. 133, 138, 420 F.2d 1336, 1341 (1969).

8. EPA v. Mink, *supra,* 410 U.S. at 91, 93 S.Ct. 827, 838; Montrose Chemical Corp. of California v. Train, 160 U.S.App.D.C. 270, 273, 491 F.2d 63, 66 (1974); Ethyl Corp. v. EPA, 478 F.2d 47, 49 (4th Cir. 1973); Soucie v. David, *supra,* 145 U.S.App.D.C. at 154–55, 448 F.2d at 1077–78 ("Factual information may be protected only if it is inextricably intertwined with policy-making processes.")

9. Sterling Drug, Inc. v. FTC, 146 U.S.App.D.C. 237, 247, 450 F.2d 698, 708 (1971).

10. *Id.* at 252, 450 F.2d at 713; 5 U.S.C. § 552(a)(1) & (2).

should be noted that a document would certainly cease to be exempt if it were "publicly cited by an agency as the sole basis for agency action,"[11] or became formally incorporated as a part of a final order.[12] It would appear that the limitation has been extended somewhat further, thus excluding from the protection of Exemption 5 any document that "served to reflect policy already made and announced."[13]

## II. APPELLANT'S LEGAL POSITION

· In seeking greater elaboration from the trial judge of the grounds for summary judgment, appellant relies heavily on *Vaughn v. Rosen*[14] and *Cuneo v. Schlesinger.*[15] *Vaughn* and *Cuneo* held that the *defendant agency* in FOIA actions was required to "specify in detail" which parts of relevant documents it considered exempt and precisely why, using a "system of itemizing and indexing" that would correlate the theories of exemption with the particular textual segments which it desired exempted.[16] This obligation was justified by the court as being necessary (1) to redress the severe handicap that plaintiffs face in arguing the legal status of documents they have never seen, (2) to relieve the intolerable burden that would otherwise be imposed on the courts, particularly where large quantities of documents would have to be scrutinized,[17] and (3) to counteract the tendency of the Government to claim the broadest possible privilege for the largest possible amount of material.[18]

Relying on these two cases, appellant argues that the "detailed analysis" required of the Government must for similar reasons be required of the trial judge. If it were otherwise, it would be impossible for the plaintiff to argue his case on appeal and correspondingly difficult for the appellate court to decide the case properly.

■ The IRS in response argues that the motion to amend is, in effect, an attempt to require the trial judge to make separate factual findings and conclusions of law, a task from which Rule 52(a) of the Federal Rules of Civil Procedure explicitly relieves him. The IRS also argues that *Vaughn* and *Cuneo* only apply to the Government, and even if they are applicable to the District Court as well do not require more than was done here. As regards the first contention, we are not persuaded that Rule 52(a) forbids us from requiring the District Court adequately to explain its *conclusions of law,* as distinguished from *findings of fact.* The history of Rule 52(a) suggests that the last sentence of the rule was principally intended to make unnecessary any formal and separate findings of *fact* when summary judgment was granted.[19] More importantly, Rule 52(a) simply removes the obligation to make "findings of fact and conclusions of law" in the unexceptional case; it in no way prohibits greater elaboration should the circumstances require it. If, in the exercise of our supervisory

11. Bristol-Myers Co. v. FTC, *supra,* 138 U.S. App.D.C. at 26, 424 F.2d at 939.

12. American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 389, 411 F.2d 696, 703 (1968).

13. Grumman Aircraft Engineering Corp. v. Renegotiation Board, 157 U.S.App.D.C. 121, 130, 482 F.2d 710, 719 (1973), cert. granted, 417 U.S. 907, 94 S.Ct. 2602, 41 L.Ed.2d 211 (1974).

14. 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

15. 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973).

16. Vaughn v. Rosen, *supra,* 157 U.S.App.D.C. at 346–48, 484 F.2d at 826–28; Cuneo v. Schlesinger, *supra,* 157 U.S.App.D.C. at 373–74, 484 F.2d at 1091–92.

17. Vaughn v. Rosen, *supra,* 157 U.S.App.D.C. at 345, 484 F.2d at 825; Cuneo v. Schlesinger, *supra,* 157 U.S.App.D.C. at 373–74, 484 F.2d at 1091–92.

18. Vaughn v. Rosen, *supra,* 157 U.S.App.D.C. at 346, 484 F.2d at 826; Cuneo v. Schlesinger, *supra,* 157 U.S.App.D.C. at 374, 484 F.2d at 1092.

19. *See* Committee Notes to 1948 Amendment to Subdivision (a) of Rule 52, citing as a decisional precursor of subdivision (a) Thomas v. Peyser, 73 U.S.App.D.C. 155, 118 F.2d 369 (1941) (District Court not required to make findings of fact).

powers, it would appear advisable to require the District Courts to explicitly state the legal basis for finding documents exempt from disclosure under the FOIA, the general command of Rule 52(a) would not present an obstacle.

Therefore, the question is whether the refusal to state such legal basis, upon motion of the plaintiffs, constitutes an abuse of discretion.

## III. ADMINISTRATION OF CASES UNDER THE FOIA

Previously we have noted "the unsatisfactory manner in which these FOIA cases have been arising . . . ."[20] In previous cases, this resulted from the fact that agencies had failed to provide the District Court with sufficient information concerning the documents requested and the theories of exemption being asserted. As a result it proved difficult, if not impossible, to perform the judicial function vested in the courts by the FOIA. Similarly, the summary judgment orders with which this Court has been confronted in FOIA cases have almost invariably been "stated in very conclusory terms, saying simply that the information falls under one or another of the exemptions to the Act."[21] Invariably such appeals have resulted in remands for some form of further proceedings or clarification.[22] In Ackerly v. Ley[23] we remanded for "a more detailed identification of the nature of the documents in question and a greater exposure of the reasons why the particular documents were regarded as exempt."

■ Appellant seeks to short-circuit the requirement for remand by securing a clarification from the District Court before an appeal is taken. In light of

our experience with FOIA cases we are convinced such clarification would not only be useful in a case such as this one, but that the denial of such a clarification is an abuse of discretion. Clearly it would facilitate plaintiffs' task on appeal if they were to know the specific legal reason for the denial of disclosure. Plaintiffs suffer the inherent handicap of not knowing the documents' exact contents and therefore being "at a loss to argue with desirable legal precision."[24] Because of this and the usual disparity in the size of the parties, it should be the policy of the court to give the seeker of information whatever advantages are conferred on him by statute.[25] In this respect FOIA cases are unique. There seems little reason to fear that a decision requiring trial courts to comply with requests such as the one made by appellant here will have precedential effect in non-FOIA cases.

In addition, we do not consider it unduly burdensome to require the District Judge to put on paper a process already completed in his mind and in this way significantly ease the burden on the litigants and the appellate court, particularly if he has already followed the procedure recommended in *Vaughn* and *Cuneo*.[26] By not granting appellant's request this court would be denied the thinking of the District Judge on the apparently novel questions of the law presented in this case.

## IV. CONCLUSION

For reasons which seem uniquely powerful in cases arising under the Freedom of Information Act we consider it an abuse of discretion to deny a plaintiff's reasonable request for clarification of an

20. Cuneo v. Schlesinger, *supra,* 157 U.S.App. D.C. at 373, 484 F.2d at 1091.

21. Vaughn v. Rosen, *supra,* 157 U.S.App.D.C. at 345, 484 F.2d at 825.

22. *See, e. g.,* Cuneo v. Schlesinger, *supra;* Vaughn v. Rosen, *supra;* Fisher v. Renegotiation Board, 153 U.S.App.D.C. 398, 473 F.2d 109 (1972); Sterling Drug, Inc. v. FTC, *supra.*

23. 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969).

24. Vaughn v. Rosen, *supra,* 157 U.S.App.D.C. at 343, 484 F.2d at 823.

25. *See* 5 U.S.C. § 552(a)(3) (agency bears burden of proving exemption from disclosure).

26. Vaughn v. Rosen, *supra* at 343–45, 484 F.2d at 823–25; Cuneo v. Schlesinger, *supra* at 373–74, 484 F.2d 1091–92.

adverse summary judgment order in an FOIA case. Since plaintiff's motion seems to us to make such a request, it is hereby granted.

So ordered.