ORION RESEARCH INCORPORATED, Plaintiff-Appellant,

v.

ENVIRONMENTAL PROTECTION AGENCY, Defendant-Appellee.

No. 79–1293.

United States Court of Appeals, First Circuit.

Argued Oct. 1, 1979.

Decided Feb. 11, 1980.

Robert W. Hagopian, Cambridge, Mass., with whom John R. Stopa, Cambridge, Mass., was on brief, for plaintiff-appellant.

John D. Hanify, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for defendant-appellee.

Before COFFIN, Chief Judge, ALDRICH, Circuit Judge, BONSAL,* Senior District Judge.

BONSAL, District Judge.

On December 10, 1975, Plaintiff-Appellant, Orion Research Incorporated ("Orion"), instituted this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to enjoin Defendant-Appellee, the Environmental Protection Agency ("the EPA"), from withholding from it certain documents it had requested. Both sides moved for summary judgment. Following its *in camera* inspection, the district court ordered the EPA to furnish to Orion certain of the documents or portions thereof requested by Orion and determined that the remaining documents or portions thereof were exempt from disclosure pursuant to Exemptions 4 and 5 of the FOIA, 5 U.S.C. §§ 552(b)(4) and (b)(5). Orion appealed. We affirm.

In February 1975, the EPA's Contract Management Division invited eighty-five firms to submit technical proposals for the development of a Hydrogen Sulfide Source Monitoring System to analyze the hydrogen sulfide content of gases generated by petroleum refineries. Thirteen firms, including Orion, submitted technical proposals. In March 1975, James Homolya, the Monitoring System Project Officer, forwarded a report to Vincent Mason, the Contracting Officer, evaluating these proposals, concluding that three firms—Orion; Meloy Laboratories, Inc. ("Meloy"); and Versar, Inc.— were in the "competitive range." Thereafter, Orion and Meloy submitted revised technical proposals, which were referred to Homolya. In May 1975, Homolya informed Betty Peoples, the contract negotiator, that Orion's proposal was technically unacceptable, and on June 30 the contract was awarded to Meloy.

Pursuant to the FOIA, Orion requested the EPA to furnish it with a number of documents, including the evaluation plan used by the EPA to score the technical proposals, the Meloy Technical Proposal, and various intra-agency memoranda.

The EPA furnished to Orion the evaluation plan, but withheld the remaining documents, citing Exemption 4 with respect to the Meloy Technical Proposal and Exemption 5 with respect to the intra-agency memoranda.

On December 10, 1975, Orion instituted this action to require the EPA to deliver the remaining documents, and on May 14, 1976, moved for summary judgment. On April 5,

* Of the Southern District of New York, sitting by designation.

1978,[1] the EPA cross moved for summary judgment, relying on the affidavit of William E. Mathis, Director of the Contract Management Division of the EPA, sworn to July 13, 1976 ("the Mathis affidavit"). On September 25, 1978, the district court ordered the withheld documents produced for *in camera* inspection, together with an index correlating each withheld document with the exemptions claimed. Following its *in camera* inspection, the district court directed the EPA to furnish certain documents, or portions thereof, and found the Meloy Technical Proposal and certain intraagency memoranda, or portions thereof, exempt from disclosure. Orion appealed.

Orion contends that for purposes of summary judgment, the EPA did not satisfy its burden of proving that there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); *see Hahn v. Sargent*, 523 F.2d 461 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976). It is true that the district court found the Mathis affidavit, relied on by the EPA to support its cross motion for summary judgment, "to be lacking with respect to some of the requirements of Rule 56(e), F.R.Civ.P." [2] *Orion v. Environmental Protection Agency*, No. 5071, slip op. at 7 (D.Mass. June 15, 1979). However, the district court ordered the EPA to produce the documents for *in camera* inspection, together with an index correlating each withheld document with the exemptions claimed. *See Irons v. Bell*, 596 F.2d 468 (1st Cir. 1979).

■ Orion further contends that the evidence offered by the EPA did not satisfy its FOIA burden of proving that the withheld material is exempt from disclosure. The FOIA does provide that an agency has the burden of proving that withheld material falls within an FOIA exemption. 5 U.S.C. § 552(a)(4)(B). To satisfy this burden, the agency must furnish a detailed description of the contents of the withheld material and of the reasons for nondisclosure, correlating specific FOIA exemptions with relevant portions of the withheld material. *National Parks and Conservation Ass'n v. Kleppe*, 178 U.S.App.D.C. 376, 547 F.2d 673 (D.C. Cir. 1976); *Pacific Architects and Engineers, Inc. v. Renegotiation Board*, 164 U.S.App.D.C. 276, 505 F.2d 383 (D.C. Cir. 1974); *Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Cuneo v. Schlesinger*, 157 U.S.App.D.C. 368, 484 F.2d 1086 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Such a description is necessary since the party seeking disclosure does not know the contents of the withheld material whereas the agency has access to the material. The description furnished by the agency therefore must be sufficiently detailed "to permit the requesting party to present its case effectively," *Mead Data Central, Inc. v. United States Department of the Air Force*, 184 U.S.App.D.C. 350, 359, 566 F.2d 242, 251 (D.C. Cir. 1977), but it need not "contain factual descriptions that if made public would compromise the secret nature of the information." *Vaughn, supra* 157 U.S.App. D.C. at 346, 484 F.2d at 826.

Here, the EPA submitted the Mathis affidavit and an index, that, taken together, describe the contents of the withheld material and explain the reasons for nondisclosure, correlating specific exemptions to disclosure under the FOIA with relevant portions of the withheld material. Upon reviewing the Mathis affidavit, we find that it, in conjunction with the index and the

1. There is no explanation in the record as to why the EPA's cross motion was filed almost two years after Orion's motion for summary judgment.

2. The district court stated that the affidavit does not " 'show affirmatively that the affiant is competent to testify to matters stated therein,' " *Orion v. Environmental Protection Agency*, No. 75–5071, slip op. at 8 (D.Mass. June 15, 1979) (quoting Fed.R.Civ.P. 56(e)), and that the affidavit is conclusory, failing to set forth facts that would be admissible in evidence. Specifically, the district court found that the affidavit failed to state how long the affiant had been director of the EPA's Contract Management Division and that the affiant was incompetent to testify regarding what other firms would do if the Meloy Technical Proposal were disclosed. *Orion, supra* at 7–8 & n. 7.

district court's *in camera* inspection of the documents themselves, satisfied the EPA's burden of proof. *See Irons v. Bell, supra.*

### THE MELOY TECHNICAL PROPOSAL

■ The district court found that the Meloy Technical Proposal was exempt from disclosure pursuant to Exemption 4, which applies to "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The district court stated:

"If the EPA were ordered to disclose this plan or others like it, its 'ability to obtain necessary information in the future' would be impaired. *See National Parks [Conservation Association v. Morton,* 162 U.S.App.D.C. 223, 228, 498 F.2d 765, 770 (D.C. Cir. 1974)].

"For the EPA to effectively select the most deserving proposal for any contract award, it must be furnished with candid and original bids. If forced to disclose information like that contained in Meloy's proposal, the EPA's chances of receiving those types of bids in the future would be substantially diminished. Competing firms would be less likely to include novel ideas in their responses to solicitation for fear that their confidentiality requests would not be honored and competitors would get the benefit of their innovative theories. This, of course, would adversely effect [*sic*] the EPA's chances of awarding the contract to the most deserving firm.

"Moreover, disclosure of this and similar successful proposals would enable competing firms to emulate features common to the plans selected. It should be apparent that the practice would impair the agency's capacity to make informed choices on future contracts." *Orion, supra* at 8–9.

We reject Orion's contention that the EPA must offer extrinsic evidence as to the effect disclosure of the Meloy Technical Proposal would have on potential bidders. The agency is in the best position to determine the effect of disclosure on its ability to obtain necessary technical information. Moreover, the involvement in litigation of firms submitting proposals could well deter them from providing information to the EPA in the future. This is not to say that the mere conclusory say-so of an agency that its ability to acquire information would be impaired will suffice. But where the conclusion is plausibly supported in some detail, as it is here by the continuing need for eliciting ideas of both a technical and novel nature, we will not require more.

We therefore hold that the district court committed no error of law or abuse of discretion in finding that disclosure of the Meloy Technical Proposal to a competitor of Meloy would have a chilling effect on the willingness of Meloy or other potential bidders to submit proposals to the EPA. These proposals may contain information a firm would not want disclosed to its competitors. As the district court pointed out, fear of disclosure would induce potential bidders to submit proposals that do not include novel ideas. Accordingly, we find that the Meloy Technical Proposal is exempt from disclosure under Exemption 4.

### THE INTRA–AGENCY MEMORANDA

■ The intra-agency memoranda were found by the district court to be exempt pursuant to Exemption 5, which applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption was enacted to free decision makers from "the threat of cross-examination in a public tribunal," *Ackerly v. Ley,* 137 U.S.App.D.C. 133, 138, 420 F.2d 1336, 1341 (D.C. Cir. 1969). The exemption does not apply to purely factual material, *EPA v. Mink,* 410 U.S. 73, 87–88, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Schwartz v. IRS,* 167 U.S.App.D.C. 301, 303, 511 F.2d 1303, 1305 (D.C. Cir. 1975), or final memoranda that "represent policies, statements or interpretations of law that the agency has actually adopted." *Schwartz, supra* at 167 U.S.App.D.C. at 303, 511 F.2d 1305; *see NLRB v. Sears, Roebuck & Co.,*

421 U.S. 132, 153, 95 S.Ct. 1504, 1517, 44 L.Ed.2d 29 (1975).

■ Orion contends that the four memoranda written by Homolya to Mason or Peoples were final memoranda if Homolya had decisional authority. However, Orion offered no evidence rebutting the EPA's contention that Mason, the contracting officer, not Homolya, had decisional authority and that the four intra-agency memoranda were prepared by Homolya for the purpose of advising Mason. Orion speculates that Mason may have been a rubber stamp for Homolya, in which event Homolya would have made the final decision and his memoranda would not be exempt under Exemption 5.[3] To indulge in such speculation would permit every FOIA plaintiff to roam in the bureaucratic pasture to determine the ratings of the bureaucrats and which ones had decisional authority so as to avoid Exemption 5.[4]

Orion contends that two of the intra-agency memoranda contain factual and post-decisional material that must be disclosed if severable. The district court's finding that these documents or portions thereof are exempt from disclosure was based on its *in camera* inspection of the documents as well as on the Mathis affidavit.

*The decision of the district court is affirmed.*

---

**3.** It should be noted that, "[w]hile . . . the [party opposing a summary judgment motion] is entitled to all favorable inferences, he is not entitled to build a case on the gossamer threads of whimsey, speculation and conjecture." *Hahn v. Sargent, supra* at 467 (quoting *Manganaro v. Delaval Separator Co.*, 309 F.2d 389, 393 (1st Cir. 1972)).

**4.** The sole authority for appellant's argument that "de facto final opinions" do not fall within Exemption 5 is *Kent Corp. v. NLRB*, 530 F.2d 612 (5th Cir. 1976) (dictum). We need not decide whether we would endorse this exception to Exemption 5, since summary judgment was appropriate, even applying the law most favorable to appellant.