## AUDIO TECHNICAL SERVICES LTD., Plaintiff,

v.

## DEPARTMENT OF THE ARMY et al., Defendants.

Civ. A. No. 78–2260.

United States District Court, District of Columbia.

Oct. 25, 1979.

Motion to Vacate Judgment Denied March 20, 1980.

John B. Tieder, Jr., McLean, Va., for plaintiff.

William S. Liebman, Sp. Asst. U. S. Atty., Washington, D.C., for defendants.

## ORDER AND JUDGMENT

BARRINGTON D. PARKER, District Judge.

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, plaintiff Audio Technical Services Ltd. (Audio), a disappointed bidder for a government contract, has requested from the Department of Army its evaluations of the respective bids and certain detailed aspects of the successful bidder's proposal. Recording Consultants, Inc. (RC) was the successful bidder. The Department has released substantial portions of the requested documents and withheld others. It has refused to release portions of the requested documents claiming that they are exempt from disclosure.

The matter is presented for determination on cross-motions for summary judgment. After a consideration of the parties' points and authorities and the submitted affidavits, the Court grants summary judgment for the Army.

### I.

There are no disputed material facts. The Department of Army issued a Request for Proposal for the design and installation of an audio recording system. Bid proposals were submitted by Audio, RC and a third company. The bid proposals were submitted with protective markings and other indications of their confidentiality. Designated Army personnel, an evaluation and selection team, analyzed and reviewed the proposals. The team then submitted recommendations to the contracting officer along with its technical evaluations and scores determined on the basis of cost and quality. Thereafter, the contracting officer made the final decision and awarded the contract to RC.

Plaintiff Audio was the low bidder and because it did not secure the contract, immediately filed a bid protest with the General Accounting Office (GAO). Later, Audio filed a FOIA request with the Army for the documents which are the subject of this suit. The Army sent all of the relevant documents to the GAO for consideration in connection with plaintiff's bid protest. The GAO has not issued a final ruling.

The Army released a substantial portion of the requested documents but withheld significant portions of the information sought by Audio. Specifically withheld are (1) details of the successful bidder's proposal and (2) the basic ingredients of the bid evaluations prepared by the Army technical evaluation and selection team. In denying access, the Army asserts that exemption four of FOIA protects the details of the bid proposal from disclosure and that the evaluations and recommendations of its personnel are predecisional and intra-agency material within exemption five.

### II.

The fourth exemption of FOIA, § 552(b)(4), provides that the Act's disclosure provisions do not apply to matters which are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." Under the fifth exemption, § 552(b)(5), an agency need not disclose inter- or intra-agency memoranda which would not be available to a private party in litigation with the agency.

### A.

In determining the applicability of the fourth exemption the Court must look to the private and governmental interests involved. *National Parks and Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C.Cir. 1974). The exemption is intended to encourage individuals to provide confidential information to the government and "[a]part from encouraging cooperation with the Government by persons having information useful to officials, section 552(b)(4) serves another distinct but equally important purpose. It protects persons who submit financial or commercial data to government agencies from the competitive disadvantages which would result from its publication." *Id.* at 768.

In justification of its partial compliance with the request for the full details of

RC's bid proposal the government submitted affidavits which described fully and plainly each deletion from the requested documents. The /government maintains that "[t]he deleted information was based on both the Government's need to protect such information so as to not impair our ability to obtain such information in the future and the contractor's continuing desire [expressed in numerous letters to the government] to maintain confidentiality over trade secrets and proprietary data to avoid substantial harm to its competitive position."[1] Furthermore, the President of RC asserts, in conjunction with detailed explanation of the basis for each request for confidentiality, that release of the information "would cause substantial competative [sic] harm to RCI. . . . Information of this specific detail is not customarily released to the general public."[2] *See National Parks and Conservation Ass'n*, 498 F.2d at 766, *quoting* S.Rep.No. 813, 89th Cong., 1st Sess. 9 (1965): "This exception is necessary to protect the confidentiality of information . . . which would customarily not be released to the public by the person from whom it was obtained."

Withheld from the plaintiff were the following categories of RC's bid proposal: (1) customer list; (2) RC's design recommendations and identification of prospective problem areas; (3) RC's design concepts including methods and procedures; and (4) biographical data on key RC employees. The Court agrees that disclosure of this type of information would threaten the competitive position of the submitter and clearly thwart the government's interest in obtaining such information in the future. *See National Parks and Conservation Ass'n v. Morton, supra; see also Soucie v. David*, 448 F.2d 1067 (D.C.Cir.1971).

Audio urges a different result and argues that the exemption does not apply to the withheld portions of the bid proposal. In so urging, Audio relies upon a district court holding that cost proposals should be released after the award of a contract because the "need for secrecy is no longer present . . . . Neither the successful bidder nor the protester can gain any competitive edge if the information is released." *Shermco Industries v. Secretary of the U. S. Air Force*, 452 F.Supp. 306, 324 (N.D.Tex. 1978). Unlike a cost proposal, however, the omitted customer list and data on personnel include information important to RC's competitive position. Further, the withheld materials contain technical information with application well beyond the instant bid proposal and reflecting years of technological development by RC. The weight of case authority is not reflected in *Shermco Industries*. The fourth exemption was properly invoked as to the nondisclosed portions of the successful bidder's proposal.

**B.**

■ Under the fifth exemption an agency need not disclose predecisional deliberative materials that are part of the decisionmaking process. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.E.2d 29 (1975). Such materials are exempt from disclosure as long as the final opinion, in this case the contract award, does not expressly adopt or incorporate the intra- or inter-agency memorandum reflecting the predecisional deliberations. *Id.* at 161, 95 S.Ct. at 1521; *Montrose Chemical Corp. of California v. Train*, 491 F.2d 63, 68–71 (D.C. Cir.1974).

■ The exemption is based upon the presumption that disclosure of predecisional materials will inhibit the decisionmaking process; "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the detriment of the decisionmaking process." *NLRB v. Sears*, 421 U.S. at 150, 95 S.Ct. at 1516, *quoting U. S. v. Nixon*, 418 U.S. 683, 705, 94 S.Ct. 3090, 3106, 41 L.Ed.2d 1039 (1974). The Army asserts and this Court

1. Affidavit of Jane M. McIntyre, Acting Assistant Chief Counsel for Litigation, Office of Chief of Engineers, at 3.

2. Affidavit of Jay W. Kingery, President of RC, at 2.

agrees that such considerations are paramount in order to encourage frank discussion among personnel of the evaluation and selection teams and that such a course is in the best interests of the Government. To release such data has the clear potential of inhibiting candid comments of the evaluation and selection team members.[3] "If government employees expected that every written recommendation, cost analysis, or feasibility opinion—as well as the criteria used in reaching the same—would be the object of intense scrutiny by the party adversely affected thereby, they would be likely only to communicate orally and/or conclusionally. The cost of such an eventuality in terms of efficiency and quality of decisionmaking could be great indeed." *Mead Data Central, Inc. v. U. S. Department of the Air Force*, 575 F.2d 932, 936 (D.C.Cir.1978).

Plaintiff argues that the submission of the predecisional materials to the GAO for consideration in the bid protest affords one basis for its allegation that exemption five does not apply and relies upon *Shermco Industries*, 452 F.Supp. at 322, for support. The Department of Army prepared a report specifically for use by the GAO in its determination on the plaintiff's bid protest and included the documents in issue in this case. This material falls within the exemption; the evaluative documents do not lose their predecisional nature when submitted to another agency. *See Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 188, 95 S.Ct. 1491, 1502, 44 L.Ed.2d 57 (1975). When submitted as support for a final decision of another agency, even a final opinion may become predecisional. *NLRB v. Sears*, 421 U.S. at 152 n. 19, 95 S.Ct. at 1517. The final decision in this case was made by the Army contracting officer. The withheld documents, technical evaluations and recommendations, as the government points out, "are not final . . . and are only part of the criteria which a

contracting officer must use in deciding whether or not to award a particular contract. Other criteria, including the evaluation of each proposed contractor's responsibility, are committed to the contracting officer's sole discretion." [4]

The Court finds that the evaluations and recommendations submitted to the Army contracting officer are policy-deliberative and exempt from disclosure under FOIA; the Department of Army appropriately withheld those documents.

On the basis of the foregoing it is this *25th* day of October, 1979,

ORDERED that plaintiff's motion for summary judgment is denied; and defendant's motion for summary judgment is granted; and it is

FURTHER ORDERED that the complaint is dismissed with prejudice.

## ORDER

On Motion to Vacate Judgment.

This action is before the Court on plaintiff's motion to vacate the Court's Judgment and Order of October 25, 1979, which granted summary judgment to the defendant and dismissed a complaint seeking certain documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The plaintiff contends the judgment should be set aside on the grounds of newly discovered evidence. Rule 60(b), Fed.R.Civ.P. The government opposes the motion. After a consideration of the parties' points and authorities the Court determines that plaintiff's motion should be denied.

### A.

After unsuccessfully competing for a government contract, plaintiff brought this action under FOIA to obtain the successful bidder's proposals.[5] Plaintiff was denied access to the contract documents on the grounds that they were exempt from disclo-

---

3. Affidavit of Jane M. McIntyre at 8.

4. Affidavit of Jane M. McIntyre at 8.

5. Plaintiff also sought evaluative documents generated by the Department of the Army evaluation team. The Court's denial of plaintiff's motion for access to those documents is not in dispute.

sure under § 552(b)(4). Two weeks after the Court entered its judgment, the government released a list of the components installed pursuant to the original contract award. The contract in question was originally awarded by the Army in June 1978 to a person other than the plaintiff. The list released was part of a request for bids by the Army for the maintenance of the system previously installed in 1978 by the successful bidder. The list revealed much of the information to which plaintiff had sought access. Plaintiff's present motion alleges that the subsequent release constitutes newly discovered evidence, suggesting that it was in some manner wrongfully withheld from him and the Court.

### B.

The subsequent release of the components by the Army does not affect the Court's earlier ruling. The issue before the Court was whether the government properly withheld the information at the time of the plaintiff's requests at the agency level in 1978 before the complaint was filed. The fact that circumstances have changed necessitating a limited disclosure at a later time presents an entirely different situation and does not afford grounds for the relief sought by the plaintiff. Exemption from the reach of FOIA cannot be extended to mandate perpetual confidentiality of the documents in the hands of the government. Defendant need preserve the confidentiality only so long as the nature of the information is deserving of protection and certainly not when the preeminent and legitimate needs of the government in obtaining a subsequent bid for maintenance contracts requires disclosure.

Accordingly, it is this *20th* day of March, 1980,

ORDERED that plaintiff's motion to vacate this Court's October 25, 1979 Judgment and Order is denied.