**RACAL–MILGO GOVERNMENT SYSTEMS, INC., Plaintiff,**

v.

**SMALL BUSINESS ADMINISTRATION, Defendant.**

Civ. A. No. 81–1840.

United States District Court, District of Columbia.

Dec. 28, 1981.

Freedom of Information Act (the Act), 5 U.S.C. § 552, and the weight of precedent require an award of summary judgment in its favor. Plaintiff counters that the Act's policy favors disclosure, and that prices paid by the Government are not protected from disclosure under exemption 4.

Close examination of the cases cited by the Government reveals that they shielded information different from that sought here. The Government has not offered relevant facts to show that disclosure of these prices will likely impair the Government's ability to obtain necessary information in the future, or cause substantial harm to the competitive position of the company supplying the equipment. Therefore, the Court grants plaintiff's motion, subject to a final disposition of plaintiff's bid protest; denies the Government's motion; and dismisses the case.

I.

The plaintiff is a computer company. In August 1980, plaintiff submitted an unsolicited proposal to improve defendant's data communications system. Several other companies also filed proposals upon learning of defendant's interest in revamping the data system. Defendant determined that only Codex Corporation, the supplier of the price information sought in this lawsuit, could provide the desired system. Defendant entered into a sole source negotiated contract with Codex.

When plaintiff learned that the contract had been awarded to Codex, it requested a copy of the contract. The contract incorporated by reference the bid proposal. Defendant released the contract with substantial deletions. Plaintiff seeks disclosure of the computer equipment prices to allow it to determine the cost efficiency of the contract.

Austin P. Frum, Carl S. Rauh, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for plaintiff.

Whitney Adams, Asst. U.S. Atty., U.S. Attys. Office, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

In this freedom of information lawsuit, the plaintiff seeks disclosure of the prices by unit charged the Government for lease or purchase of computer equipment. The Government and plaintiff have filed cross-motions for summary judgment.

The Government insists that the governing legal test[1] for exemption 4[2] of the

---

1. The test was first enunciated in *National Parks and Conservation Ass'n v. Morton,* 498 F.2d 765, 770 (D.C.Cir.1974):

   (C)ommercial or financial matter is "confidential" for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained.

2. Exemption 4 shields from disclosure matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

Plaintiff protested the award to the General Accounting Office, which denied the protest on November 9, 1981. A request for reconsideration, is pending.

Since filing this lawsuit, plaintiff has dropped its demand for disclosure of workforce data, equipment capabilities and configuration systems. It now seeks only the prices by unit for computer equipment under the contract.

The cases defendant cites which apply the recognized test for confidential commercial or financial information under exemption 4 shielded information much more sensitive than mere prices. They shielded audits of private concessions in national parks;[3] technical proposals for development of a system to analyze gases generated by petroleum refineries;[4] general selling prices, inventory balances, profit margins, purchase activity, freight charges, costs of goods sold, and customer names, obtained from a utility in the course of a government investigation;[5] appraised value for customs duty assessment purposes of imported machinery parts;[6] design recommendations, design concepts, a customer list, and biographical data on key employees;[7] and computer usage, manpower allocation, travel costs, biographical data on employees, and detailed cost data from a contract with the Government.[8]

The Government contends that disclosure of the prices for computer equipment would allow a competitor to calculate the supplier's manufacturing costs. Declaration of James E. McNeece, paragraph 8, and declaration of Charles M. Denton, paragraph 7. This contention is plainly inconsistent with the Government's simultaneous assertion that disclosure would give a competitor insight into the supplier's pricing strategy or pricing structure. *Id.* Pricing strategy refers to the use of differing prices for the same piece of equipment, depending on the particular contract.

Even accepting these inconsistent positions, however, the record does not indicate that revelation of prices charged for pieces of computer equipment will likely cause substantial competitive harm to the supplier or deter the presentation of price information to the Government in the future. Disclosure of prices charged the Government is a cost of doing business with the Government. It is unlikely that companies will stop competing for Government contracts if the prices contracted for are disclosed. The Freedom of Information Act was intended to assure public access to all governmental records whose disclosure would not significantly harm specific governmental interests. *Soucie v. David*, 448 F.2d 1067, 1080 (D.C.Cir.1971). Adequate information enables the public to evaluate the wisdom and efficiency of federal programs and expenditures.

The disclosures of the aggregate prices for listed equipment by the regional offices of defendant is insufficient to evaluate the cost efficiency to the Government of this contract, because computer systems vary greatly and proper analysis requires knowledge of unit prices. That the supplier and the Government intended the price information to remain confidential is not determinative. *National Parks and Conservation Ass'n. v. Morton*, 498 F.2d at 767.

The plaintiff has withdrawn claims for workforce data, equipment capabilities, and configuration systems diagrams, the type of information protected from disclosure under exemption 4 of the Act. Prices paid by the Government in an ordinary contract such as here are not matters subject to

---

3. *National Parks and Conservation Ass'n. v. Morton, supra* at note 1.

4. *Orion Research, Inc. v. E.P.A.*, 615 F.2d 551 (1st Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980).

5. *Braintree Elec. Light Dept. v. Department of Energy*, 494 F.Supp. 287 (D.D.C.1980).

6. *Timken Co. v. United States Customs Serv.*, 491 F.Supp. 557 (D.D.C.1980).

7. *Audio Technical Services v. Department of the Army*, 487 F.Supp. 779 (D.D.C.1980).

8. *Fidell v. United States Coast Guard*, No. 80–2291 (D.D.C., March 3, 1981 memorandum opinion).

withholding under exemption 4. Accordingly, the Court orders disclosure of unit prices for leased and purchased computer equipment referred to in defendant's attachment 1, at pages 9, 12, 15, 18, 19, 22, 25, 26, 29, 32, 33, 36, 39, 40, 41, 42, 44, 49, 50, 51, 76, 101, 103 and 104. This order is stayed pending final resolution of plaintiff's bid protest against the award of this contract. The stay safeguards the bidding process should it be reopened.