**In re SEARCH WARRANT FOR NORTH-WEST ENVIROSERVICES, INC.**

No. MS89–202.

United States District Court,
W.D. Washington,
at Seattle.

Sept. 29, 1989.

David Utevsky, Michael Vaska, Foster, Pepper & Shefelman Seattle, Wash., for Hearst Corp.

John Craig Bjorkman, Preston, Thorgrimson, Shidler, Gates & Ellis, Seattle, Wash., for Northwest EnviroServices, Inc. Rabanco Regional Landfill Environmental Sec. Corp.

## ORDER

McGOVERN, District Judge.

The Hearst Corporation ("Hearst"), publisher of the *Seattle Post–Intelligencer* ("P–I") learned that a search warrant, supporting affidavit, and related documents were sealed by the Court at the request of Northwest EnviroServices, Inc., (Affidavit of Steve Miletich) and now moves to unseal the file and for publication of the transcript of the hearing on Northwest EnviroServices' motion to seal. Hearst argues that the public has a First Amendment right of access to these documents, that the procedure for sealing the record was flawed, and that the movant may not have met the substantive standards for sealing the record.

Agents of the Environmental Protection Agency, Office of Criminal Investigations, were conducting an investigation into violations of federal environmental statutes that formed the basis for seeking the search warrant in question in this case. The subject search warrant was obtained independent of the grand jury process.

Fed.R.Crim.P. 6(e)(2) and (6) concern grand jury proceedings; subsection (6) refers to "records, orders, and subpoenas relating to grand jury proceedings" that are to be "kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury."

The search warrant in this case was not sought by the grand jury. Information obtained independent of the grand jury proceedings does not come within the

secrecy provisions of Rule 6. *See Securities and Exchange Commission v. Dresser Industries*, 628 F.2d 1368, 1382 (D.C.Cir.) *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) where the Court stated that while disclosure of matters occurring before the grand jury are prohibited, this does not require "that a veil of secrecy be drawn over all matters occurring in the world that happen to be investigated by a Grand Jury." Moreover, even if the information is or may later be presented to a grand jury, it is not transformed into grand jury material. *Blalock v. United States*, 844 F.2d 1546 (1988). Referring to Rule 6(e)(2), the Court held:

> The Rule does not protect from disclosure information obtained from a source other than the grand jury, even if the same information is later presented to the grand jury. *Id.* [*In re Grand Jury Investigation (Lance)*, 610 F.2d 202 (5th Cir.1980)]; *see also Anaya v. United States*, 815 F.2d 1373, 1380 (10th Cir. 1987).

*Id.* at 1551.

■ Northwest EnviroServices (NWES) argues that Rule 6(e)(6) considerably broadens the grand jury secrecy provisions of Rule 6(e)(2) because it covers matters "relating to grand jury proceedings." Such a construction covers too much, however, and would tend to cloak in secrecy federal agencies' activities properly left open to view.

Additionally, Rule 6(e)(6) prevents disclosure "to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury." The Government has stated that it cannot in good faith "represent to this Court that the unsealing of these search warrant materials would compromise a criminal investigation or jeopardize the integrity of the search for truth, as was the case in *Times Mirror Co. v. United States*, 873 F.2d 1210, 1212–14 (9th Cir.1989)." In *Times Mirror* there was an on-going investigation, while here there is not; the Court specifically did not decide the issue of access to warrant materials when the investigation had been terminated. *Id.* at 1221.

■ NWES argues that it has privacy interests that will be invaded and that devastating and irreparable damage will be done to it and an affiliate company, Rabanco Regional Landfill Company. The avoidance of unfavorable publicity is an insufficient ground to override the public right of access to court records. *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1570–71 (11th Cir.1985); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir.1983). Companies like NWES that do extensive business with government entities are properly subject to public scrutiny because they operate with public funds. *See generally, Racal–Milgo Government Systems, Inc. v. SBA*, 559 F.Supp. 4, 6 (D.D.C.1981).

Finally, the procedure that led to the sealing of this file was flawed in that the hearing was held without notice under Local Criminal Rule 53(e), which allows members of the principal public media to be heard on a motion that would affect its right to full pretrial coverage of criminal proceedings.

For the foregoing reasons, it is ORDERED that the file designated MS 87–236M–01 is unsealed—except for attachment A to the Government's memorandum therein—and the transcript of the hearing shall also be available to the public.