JOSEPH A. PULEIO vs. DISTRICT ATTORNEY FOR THE EASTERN DISTRICT & another.[1] March 2, 1987. *Public Record. District Attorney. Police,* Records. *Municipal Corporations,* Public records, Police. *Practice, Criminal,* In camera inspection.

The plaintiff filed complaints in the Superior Court seeking access to files concerning him from the district attorney and chief of police under several public records statutes. G. L. c. 4, § 7, Twenty-sixth (1984 ed.). G. L. c. 66, § 10 (1984 ed.). G. L. c. 66A, §§ 1, 2 (1984 ed.).[2]

After a hearing, a Superior Court judge issued a memorandum and order which stated: "The plaintiff and the District Attorney have agreed in open court to have this court examine the files *in camera* to determine to which documents the plaintiff may have access." The judge ruled that the plaintiff was entitled to three documents. He also ruled that the statutes did not require the defendants to comply with the balance of the plaintiff's request. The judge entered a judgment of dismissal. The plaintiff appealed. We transferred the case to this court on our own motion.

The plaintiff does not deny that he agreed to the in camera review, but he now challenges that review as legally insufficient. The plaintiff contends that the defendants should have itemized and indexed the documents which they claimed were exempt from disclosure. The plaintiff argues that such an indexing requirement is imposed by *Reinstein* v. *Police Comm'r of Boston,* 378 Mass. 281 (1979), and *Bougas* v. *Chief of Police of Lexington,* 371 Mass. 59 (1976).

We do not reach the plaintiff's claims because he agreed to the in camera review which was conducted. Even though we do not reach the merits, we note that neither *Reinstein* nor *Bougas* prohibits the type of in camera review conducted by the judge. In *Reinstein, supra* at 295, we stated that an in camera inspection should be used only as a last resort in making determinations about which police records should be made public. This is so because in camera inspection lacks the bilaterality which has traditionally been a part of our legal system's form of dispute resolution. *Id.* In *Bougas,* we held that in camera review was not statutorily required. We refused to impose such a requirement absent clear legislative intent because an in camera review scheme would result in a significant increase in the work load of Superior Court judges. *Bougas, supra* at 65. Thus, neither *Bougas* nor *Reinstein* stands for the proposition that in camera review is prohibited in disputes over the release of documents.

In *Reinstein, supra* at 296, we observed that in disputes over the release of government documents, "[t]he Federal experience tends to show that with willing cooperation much can be settled by agreement of the parties." As we stated above, there is nothing in our law which prohibits a judge from

---

[1] The chief of police of the town of Amesbury.

[2] We upheld the plaintiff's conviction of murder in the first degree. *Commonwealth* v. *Puleio,* 394 Mass. 101 (1985).

conducting an in camera review. This is particularly true where both parties consent to the in camera procedure. Here the judge found that the parties agreed to an in camera inspection.

*Judgment affirmed.*

The case was submitted on briefs.

*Francis X. Bellotti,* Attorney General, *Frederick W. Riley, Barbara A. H. Smith & William D. Luzier, Jr.,* Assistant Attorneys General, for the defendants.

*Joseph A. Puleio,* pro se.