NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0172n.06
Filed: March 1, 2007

Case No. 06-3099

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH W. DIEMERT, JR. AND<br>ASSOCIATES CO., L.P.A., | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| FEDERAL AVIATION | ) | AT CLEVELAND |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges, and PHILLIPS,* District Judge.

**THOMAS W. PHILLIPS, District Judge.** The matter before the Court involves a

Freedom of Information Act ("FOIA") request made by plaintiff-appellant to the Federal Aviation

Administration ("FAA"). Plaintiff-Appellant's appeal is based on two grounds: (1) plaintiff-

appellant had exhausted all administrative remedies required by law to be exhausted prior to seeking

judicial review of the denial of its FOIA request, and (2) the public interest in the information sought

outweighs any privacy interest that might be threatened by disclosure of same. Because we find that

release of the information requested would present a "clearly unwarranted invasion of personal

privacy," we affirm the decision of the district court on that basis and see no need to address

_____

* The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

plaintiff-appellant's argument regarding exhaustion of administrative remedies.

## I. Background

According to plaintiff-appellant, Ms. Rebecca A. Nelson began receiving monthly payments of Five-Thousand One Hundred and xx/100 Dollars ($5,100.00) from the FAA after an "incident" that occurred while she was working as an air traffic controller for the FAA. According to Ms. Nelson, the "incident" caused her to experience an "adjustment reaction." Ms. Nelson was sent home by the FAA and has not returned to work. In 2002, Ms. Nelson allegedly confided these occurrences to Mr. Warren Anderson, stating that the payments had been arranged to essentially "buy her silence."

On December 21, 2004, plaintiff-appellant Joseph W. Diemert, Jr. & Associates Co., L.P.A. ("Diemert") sent a letter to the FAA's Acting FOIA Program Director requesting access to any agency records pertaining to a settlement between Ms. Nelson and the FAA.[2] Although Diemert asserts that a response should have been forthcoming within ten days of its letter pursuant to federal regulations, on February 14, 2005, the FAA at Great Lakes Region sent Diemert a letter denying its request pursuant to Exemption 6 of the FOIA, 5 U.S.C. § 552 (b)(6), because such records may be in "personnel, medical files, and similar files the disclosures of which would constitute a clearly unwarranted invasion of person [sic] privacy." The letter also explained the right to appeal the denial. Diemert then sent a letter of appeal to the Assistant Administrator for Regions and Center Operations on March 1, 2005. On April 19, 2005, the Executive Manager for Regions and Center

---

[2]It is alleged by the FAA that the requested records are sought because they are relevant to child custody and support issues unrelated to this case.

Operations sent a letter acknowledging the receipt of the appeal and advised Diemert that it had various Office of Workers' Compensation related records, but that these records did not include a settlement agreement. Regions and Center Operations then advised that it was remanding the request back to the Great Lakes Region for further review of its records for responsive documents. Upon remand, on April 29, 2005, the FAA at Great Lakes Region advised Diemert that the FAA held no records that were responsive to Diemert's request and further advised that Diemert could appeal the FAA's determination within thirty (30) days from the date it received such notice to the Assistant Administrator for Regions and Center Operations.

Instead of appealing to the Assistant Administrator, on July 14, 2005 (seventy-six days later), Diemert filed a complaint for injunctive relief against the FAA and the Department of Labor pursuant to 5 U.S.C. § 552(a)(4)(b), alleging that the defendants improperly withheld agency records concerning a settlement between the FAA and Ms. Nelson. Defendants both filed motions to dismiss, which were granted by the district judge. Shortly thereafter, on November 2, 2005, Diemert filed a notice of appeal only as to the FAA's motion to dismiss. The previous court order dismissed the complaint against the FAA on two grounds: (1) pursuant to Fed. R. Civ. P. 12(b)(1) for Diemert's failure to exhaust administrative remedies, and (2) on the merits, under Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6).[3]

---

[3]The Court's Order granting FAA's motion to dismiss is brief, stating only:

Motion to Dismiss is granted. This case should be dismissed pursuant to FRCP 12(b)(1) for Plaintiff's failure to exhaust administrative remedies and on the merits under 5 u.s.c. section *(sic)* 552(b) and exemption 6, inasmuch as 3rd party FOIA request was not accompanied by the necessary release from the person whose records are sought by the 3rd party.

3

## II. Analysis

The review of the district court's application of the law to the facts is *de novo*. *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 779 (6th Cir. 2000). The Government is not required to disclose records concerning "matters that are . . . personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). A court must first consider whether the requested files are the type intended to be protected, that is, whether they are personnel, medical, or similar files. *Pacific Molasses Co., v. NLRB*, 577 F.2d 1172, 1178 (6th Cir. 1978). If this threshold requirement is met, a court must then balance two compelling and competing interests, that is, the individual's right to privacy and the public's right of free access to government information or public records. *Dep't of Air Force v. Rose*, 425 U.S. 352, 372-381 (1976). The agency relying on the exemption to prevent disclosure of information bears the burden of establishing that application of the exemption is appropriate. 5 U.S.C. § 552 (a)(4)(B); *Avondale Indus. v. NLRB*, 90 F.3d 955, 958 (5th Cir. 1996); *Orion Research, Inc. v. EPA*, 615 F.2d 551, 553 (1st Cir. 1980).

The Court concludes that documents in workers' compensation files are "personnel and medical files and similar files" within the meaning of the FOIA's Exemption 6. *Plain Dealer Publ'g Co. v. U.S. Dep't of Labor*, 471 F.Supp. 1023, 1026-1027 (D.D.C. 1979). The documents requested in the instant matter are either workers' compensation files and/or documents similar in nature. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982) (holding that the terminology of "personnel and medical files and similar files" must be read broadly). Accordingly, the threshold requirement of Exemption 6 has been satisfied. In considering the rights of the private individual

4

compared with the rights of the public, the Court finds that the release of the requested information is clearly an unwarranted invasion of personal privacy in that Diemert is seeking information and verification about a specific individual's income and/or medical information, which has no governmental public interest. The disclosure of such information would only serve the private interests of Diemert. The focus of the FOIA is to ensure that the Government's actions are open for scrutiny, not to reveal private third party information, which happens to be in the warehouse of the Government. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 765-66 (1989); *see also Carpenter v. U.S. Dep't of Justice*, 470 F.3d 434, 439 (1st Cir. 2006).

Moreover, some courts have concluded that where personal privacy interests are implicated, only the individual who owns such interest may validly waive it. *See Sherman v. U.S. Dep't of Army*, 244 F.3d 357, 364 (5th Cir. 2001). If Diemert wishes to pursue this matter, it is obvious that it can request that Ms. Nelson execute a release for the requested information. As to deletion or redaction of personal details within the documents, the Court finds that deletion or redaction would not serve to protect the individual privacy interest. Disclosing the information about the benefits received may indicate the gravity and extent of injuries, potentially causing Ms. Nelson difficulties in obtaining insurance or being hired by a new employer.

Since the Court finds that the request is an unwarranted invasion of personal privacy, there is no need to discuss Diemert's argument regarding exhaustion of administrative remedies.

## III. Conclusion

For the forgoing reasons, we conclude that the district court did not err in dismissing Diemert's complaint against the FAA.  Consequently, we deny Diemert's appeal and affirm the district court's decision.