Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1703

TOWN OF WINTHROP,

Plaintiff, Appellant,

v.

FEDERAL AVIATION ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Torruella, Stahl and Howard,
Circuit Judges.

Peter L. Koff, with whom Engel & Schultz, LLP was on brief, for appellant.
Anton P. Giedt, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellee.

May 8, 2009

**HOWARD**, **Circuit Judge**.  This appeal marks the last throes of an extended dispute between the Town of Winthrop and the Federal Aviation Administration regarding a proposed expansion of Logan International Airport in Boston.  See Town of Winthrop v. Fed. Aviation Admin., 535 F.3d 1 (1st Cir. 2008)(denying Town's petition for review of agency's decision to authorize construction of additional taxiway at Logan).  In the case sub judice, the Town challenges the district court's determination that the FAA could withhold certain documents in response to the Town's Freedom of Information Act request.

The Town initially brought its FOIA suit in federal district court hoping to obtain documents pertinent to its petition for review against the FAA, which has now been concluded.[1]  In that vein, the Town sought expedited rulings so that it would be able to incorporate any information gleaned from its FOIA request into its opening brief in the petition for review then pending before this court.  As a result, the parties sought -- and the district court agreed to undertake -- an unusual procedure that yielded a prompt ruling and the release of nine additional documents.  The Town now claims that it did not agree to the expedited procedure employed in the district court and that the district court's FOIA rulings were substantively incorrect.  We affirm.

---

[1]   In deciding the petition for review, we denied the Town's request to supplement the administrative record with the forty-six documents at issue in this appeal because they were the subject of a "separate proceeding," which eventually ripened into this appeal. Town of Winthrop, 535 F.3d at 15.

This portion of the controversy began on August 2, 2007, when the Town submitted two FOIA requests, see 5 U.S.C. § 552, requesting FAA records relating to the contemplated expansion of the centerfield taxiway at Logan. On October 4, 2007, the agency released approximately one hundred pages of records and claimed exemptions supporting non-disclosure for several other documents. 5 U.S.C. §552(b). Without taking an administrative appeal, exhaustion of which some courts require prior to filing suit,[2] e.g., Ruotolo v. Dep't of Justice, Tax Div., 53 F.3d 4, 8 (2d Cir. 1996); Taylor v. Appleton, 30 F.3d 1365, 1367-68 (11th Cir. 1994); Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987), the Town filed suit in the district court seeking all or a portion of the documents the agency withheld. The district court held an expedited status hearing and issued an order directing the FAA to produce a Vaughn index.[3]

The parties agreed that the agency would produce the Vaughn index, but also that the Town would first exhaust its

---

[2]    We have suggested without deciding that exhaustion, or at least constructive exhaustion, of administrative remedies is required to initiate FOIA proceedings in this circuit. See Providence Journal Co. v. FBI, 602 F.2d 1010, 1011 (1st Cir. 1979). Because, as explained below, the Town eventually exhausted its administrative remedies, we need not decide whether any such exhaustion was required in this case.

[3]    A practice has developed whereby any agency claiming an exemption under FOIA is required to furnish the requester a Vaughn index, which requires a correlation of the information that an agency decides to withhold with the particular FOIA exemption and the agency's justification for withholding the document. State of Maine v. U.S. Dep't of Interior, 298 F.3d 60, 65 (1st Cir. 2002) (citing Maynard v. CIA, 986 F.2d 547, 556 (1st Cir. 1993)). The index takes its name from Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

administrative remedies before pressing its suit in the district court.  Consequently, the Town voluntarily dismissed its suit without prejudice and appealed administratively.  In response, the agency discretionarily released an additional thirty-seven documents and reaffirmed its decision to withhold ninety-two documents.

Having exhausted its administrative remedies, the Town filed a second action in the district court challenging the agency's final decision to withhold the ninety-two documents.  In particular, the Town moved for another expedited status conference and further requested that the agency be instructed to arrive at this conference with all of the withheld documents to facilitate the district court's in camera inspection of the documents, should the court agree to undertake such an inspection.  In its request for urgent relief, the Town stressed that it was seeking the withheld documents because of their potential relevance to its petition for review of the agency's airport expansion decision then pending in this court.  The Town further noted that its opening brief in this court was due approximately two weeks from the date it filed this second action in the district court.

Against this backdrop, the parties convened for a status conference on December 12, 2007, approximately one week before the Town was required to file its opening brief in connection with the petition for review. Acknowledging the Town's desire for immediate access to documents, as well as the Town's objections to the agency's proffered Vaughn index, the district court suggested that

the parties attempt to resolve their differences over as many documents as possible and to narrow the issues for the court to decide. The parties agreed to this course of action.

Over the course of several hours, the parties reviewed the agency's Vaughn index, with the agency lawyer augmenting the index by responding to questions from the Town's counsel, and with respect to certain documents, providing additional information acquired by reference to a particular document itself. At the end of this process, the agency agreed to release an additional thirty-seven documents. As a result, only fifty-five documents remained in controversy.

The parties then returned to the district court for further proceedings. The district court, though not required to do so, see NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978); Maynard, 986 F.2d at 557 (citing Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 742 (9th Cir. 1979)), agreed to conduct an in camera review of the remaining documents.[4] As a result of this in camera review, the district court concluded that an additional nine documents were not exempt from disclosure and should be released, but found the remaining documents all subject to the § 5 FOIA exemption, see 5 U.S.C. § 552(b)(5), and therefore

---

[4]  Discretionary in camera review enables the court to conduct a first-hand examination of the documents to determine whether the government appropriately claimed an exception from disclosure with respect to such documents. Maynard, 985 F.2d at 557. An in camera review can provide the district court with an adequate factual basis to determine whether the government has successfully carried its burden and proved that claimed exemptions apply to particular documents. Id. at 558 (citing Irons v. Bell, 596 F.2d 468, 471 (1st Cir. 1979)).

-5-

concluded that they were properly withheld. The agency promptly produced the nine documents that the district court found were not exempt from disclosure.

The conditions of and procedure undertaken in the district court's in camera review form the nub of the present controversy. In view of the Town's desire to obtain as many documents as possible prior to filing its appellate brief in the petition for review proceedings, the district court decided to forego briefing on the scope of the § 5 FOIA exemptions claimed by the agency and accepted the contested documents into evidence. At the time it did so, the court stated, "I take it the parties have no objection to my offering this advice to you. In other words, I am ruling on these documents as either being work product, you know, privilege[d] or not privilege[d]." (emphasis added). Moments later, the court again confirmed that the parties had no objection to its "making that ruling."

The government agreed that it had no objection, and other than expressing concern about the adequacy of the agency's Vaughn index, the Town also voiced no objection to the court's proposed approach. Although the Town did discuss nuances of the § 5 exemptions from FOIA, in response to questions from the court the Town continued to maintain that it was primarily interested in an expedited decision in the hope of acquiring additional documents for use in connection with the petition for review.

With this background, we briefly review the well-known legal standards and policy considerations underlying FOIA. The

statute was enacted to "expose the operations of federal agencies 'to the light of public scrutiny,'" Carpenter v. U.S. Dep't of Justice, 470 F.3d 434, 437 (1st Cir. 2006) (quoting Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1979)), and therefore the statute embodies a principle of broad disclosure, Church of Scientology, Int'l v. U.S. Dep't of Justice, 30 F.3d 224, 228 (1st Cir. 1994). Consequently, we construe the nine statutory exemptions from disclosure contained in FOIA narrowly, Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001), with any doubts resolved in favor of disclosure, see Carpenter, 460 F.3d at 438 (citing U.S. Dep't of Justice v. Julian, 468 U.S. 1, 8 (1988)); see also Trentadue v. Integrity Comm., 501 F.3d 1215, 1226 (10th Cir. 2007). Furthermore, the government bears the burden of proving that any withheld materials fall within one of the statutorily enumerated exemptions to FOIA. Carpenter, 470 F.3d at 438 (citing 5 U.S.C. § 552; Orion Research, Inc. v. EPA, 615 F.2d 551, 553 (1st Cir. 1980)).

In this case, the agency relied on exemption 5, which exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5); see also State of Maine, 298 F.3d at 66. The Supreme Court has held that this exemption is coextensive with civil discovery privileges, including inter alia, the attorney-client privilege, the attorney work-product privilege, and the

deliberative process privilege.  See Klamath Water Users, 532 U.S. at 8; see also State of Maine, 298 F.3d at 66.

Normally, an agency seeking to claim an exemption from FOIA prepares a Vaughn index and supplements the index with affidavit(s) and/or testimony that can be presented in camera or not.  See Maynard, 986 F.2d at 556-58.  In addition, the district court has the option, but not the obligation, to review the underlying documents in camera.  See supra note 4.  In short, by any road it chooses, the district court must, employing a de novo review, find an adequate factual basis to support the agency's assertion of the exemption.  Maynard, 986 F.2d at 557 n.11.

Though perhaps unorthodox and expedited, the district court's disposition of this case was balanced and appropriate; any departure from normal procedures was undertaken with the consent of both parties.  Similarly, any deficiency in the district court's analysis was occasioned by the court's herculean efforts to provide the Town with what it most desired: access to as many additional documents as possible in advance of the filing of its brief in the petition for review.  Basic principles of fairness and reasonableness counsel against permitting the Town, after having benefitted from the district court's expedited rulings,[5] to complain about the process it agreed to.

---

[5]    At least partly as a result of the good offices of the district court, it appears the agency released an additional thirty-seven documents to the Town at the status conference. Moreover, after its in camera review, the district court ordered that an additional nine documents be released to the Town, and the agency provided those documents at the close of the hearing.

We therefore conclude that, on balance, by agreeing to expedited procedures in the district court, the Town either has knowingly abandoned its right to complain about those procedures (as the government essentially argues), see United States v. Garrasteguy, 559 F.3d 34, 41 (1st Cir. 2009) (citing United States v. Walker (1st Cir. 2008)); accord Puleio v. Dist. Att'y for the E. Dist., 504 N.E.2d 354 (Mass. 1987),[6] or, at a minimum, has forfeited any objection to them.

As the Town failed to lodge a timely objection to the district court's procedure, our review is for plain error only. Chestnut v. City of Lowell, 305 F.3d 18, 20 (1st Cir. 2002) (en banc). Plain error will result in reversal only if the district court committed an obvious and clear error that affected substantial rights, and if left unremedied would call into question the fairness, integrity, or public reputation of the judicial proceedings. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. West Lake Academy, 548 F.3d 8, 22 (1st Cir. 2008) (citing Smith v. Kmart Corp., 177 F.3d 19, 26 (1st Cir. 1999)).

We discern no such deficiency in the district court's disposition of this case. As explained above, the district court

---

[6]   In its brief, the Town contends that at the December 12 status conference, the district court merely agreed to give the parties "advice" about the  applicability of any FOIA exemptions, and that the district court would "analyze the merits" of the litigation at some later date. Although this interpretation has some support in the record, our reading of the record is that the district court believed that it was to rule on the availability of exemptions. Moreover, given the Town's repeated acquiescence in this procedure, it has abandoned, or at least forfeited, any objection as to the outcome of the procedure.

is vested with the discretionary authority to review documents in camera, and although it could have been clearer about the consequences of its in camera review, there is sufficient record support to conclude that the Town was aware of the district court's intentions, and that it acquiesced in the court's plan of action. For example, as noted above, the Town did not object to the district court's statement that it would make rulings as to whether the withheld documents were privileged and therefore exempt from disclosure. Moreover, after the district court made its rulings, the Town promised to notify the court by December 17, 2007 if it had any objections to the court's closing the case.[7] The fact that the Town made this commitment reinforces the conclusion that the Town was aware that the district court had issued dispositive rulings that would stand, unless the Town affirmatively acted to reinvigorate the case. In these circumstances, we cannot conclude that upholding the district court's handling of these proceedings

---

[7]    We also note that even if the Town had not agreed up front to the expedited process that the district court fashioned to decide this case, its later objection to this procedure was untimely. Even though it had agreed to inform the district court if it had any objections to the closure of the case by December 17, 2007, the Town did not file any such objection until December 26, 2007. Because the district judge denied the Town's motion for reconsideration and the subsequent motion for a hearing on the merits with margin orders, it is unclear whether the court gave any effect to the Town's tardiness. Had the district court done so, this would have been an independently appropriate ground on which to deny the Town any relief. Cf. Stonkus v. City of Brockton School Dep't., 322 F.3d 97, 100-01 (1st Cir. 2003) (upholding district court's refusal to permit party to file untimely opposition to summary judgment and upholding grant of unopposed motion for summary judgment).

would result in a miscarriage of justice or impugn the fairness, integrity, or public reputation of these proceedings.

We conclude by noting that although the Town must live with the concessions that it made in return for an expedited disposition of its FOIA action, another requestor would not necessarily be bound by the Town's concessions. We can envision a future requestor being entitled to fully litigate its FOIA claims. In that regard, we note our initial assessment -- based on our limited inspection -- that the Vaughn index submitted by the FAA appears overly scanty and insufficient to provide a factual basis for sustaining the agency's claimed exemptions. See Maynard, 986 F.2d at 557 n.11.

For example, the agency claims that document number eighty-six is subject to the attorney-client privilege. The index describes the document as "E-mail from Bettina Peronti, FAA to Thomas Davidson, FAA et al re: centerfield taxiway meeting with John Donnelly, FAA Legal Counsel." The index entry includes neither a description of the length of the document, nor the identities of all of its recipients.[8] Moreover, it is unclear from the e-mail whether either Ms. Peronti, the author of the document,

---

[8] The names of all recipients is necessary because that information may aid in determining whether the attorney-client privilege has been waived as the result of disclosure of the contents of any privileged communication to third parties. See United States v. Bay State Ambulance and Hosp. Rental Serv., Inc., 874 F.2d 20, 27-28 (1st Cir. 1989).

Similarly, for documents to which the agency claims the attorney work-product privilege applies, it has not identified -- in the Vaughn index or elsewhere -- "the litigation for which the document was created," which is required in order for the privilege to attach. State of Maine, 298 F.3d at 69.

or Mr. Davidson, the only listed recipient of the document, is an attorney.

More concerning is the fact that this document does not appear to meet the standard for privileged attorney-client communications. The document is an email describing a meeting at which Massport proposed a number of mitigation measures with respect to the centerfield taxiway, and it includes the reactions of various participants to the proposals. Although John Donnelly, an agency attorney, was present in the meeting, the document does not describe any of his views, and legal issues are barely -- if at all -- mentioned in the document. We require more for the attorney-client privilege to attach. See State of Maine, 298 F.3d at 71 (party asserting privilege must show (1) that he was a client; (2) that the attorney acted as a lawyer in connection with the document; (3) that the document relates to facts communicated for the purpose of a legal opinion; and (4) that the privilege has not been waived). Here, it is unclear whether Mr. Donnelly was acting as a lawyer, and it is even less clear that the purpose of the meeting was to procure a legal opinion.

Thus, we have some unease with respect to the quality of the agency's Vaughn index, and the merits of at least one of the district court's rulings.[9] It is possible that should an unrelated party request similar documents, the outcome could be different.

---

[9] We have not exhaustively examined all of the documents, as such an examination is not necessary to our decision.

Nevertheless, in the case at hand, the district court made monumental efforts to accommodate the Town's emergency request for access to documents, and in return, the Town conceded its right to a more deliberate and thorough determination of the issues. In these circumstances, it would be unfair to both the district court and the government, which complied with the district court's decision and disclosed nine additional documents, to upend the balance struck by the court and agreed to by the parties below. Therefore the decision of the district court is <u>affirmed</u>.