TORRUELLA, Circuit Judge (Dissenting). I share in the panel’s conclusion that the district court applied the incorrect standard, and that it improperly awarded summary judgment to Eil. I respectfully dissent, however, from its conclusion that summary judgment in favor of the DEA is proper. The parties differ as to whether the redactions that the district court ordered would create a sufficient obstacle to putting names to the medical records Eil seeks. That amounts to a dispute of material fact rendering summary judgment inappropriate. I am concerned that the panel 'majority has accepted too readily the government’s assertion that an interested party, with the trial transcript in hand, could put names to-the redacted medical and death-related records “with only a little effort.” That, of course, sounds reasonable, and is certainly plausible. But it is also a factual question inappropriate for us to resolve at this procedural juncture.[6] This, after all, is an appeal from the district court’s ruling on cross-motions for summary judgment. And, summary judgment is improper when there exists a genuine dispute of material fact. Fed. R. Civ. P. 56. ‘ Eil contended in his brief that the redaction order would “prevent the public from easily matching up the records to names.” At oral argument, he further explained that the sheer volume of the records that the government entered as exhibits in the Volkman trial, combined with the relative paucity of trial testimony about those records, would make connecting the redacted records to specific names a difficult task. Eil also highlighted that the exhibits in question also included the medical records of patients who did not testify. As a result, putting names to1 records would require more than simply matching witnesses’ names to documents fin a one-to-one fashion. It is true that Eil—who only asked us to affirm the district court’s grant of summary judgment in his favor—did not indicate that this factual dispute would make summary judgment improper. Rather, the parties agreed that it was appropriate for the district court to dispose of this case on summary judgment, and then filed cross-motions for summary judgment. But, that should not bind' our hands here. “Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require us' to determine 'whether either of the parties deserves-judgment as a matter of law on facts that are not disputed.” Adria Int’l Grp, v. Ferré Dev., Inc., 241 F.3d. 103, 107 (1st Cir. 2001); see also United States v. Fred A. Arnold, Inc., 573 F.2d 605, 606 (9th Cir. 1978) (“[T]he filing of cross-motions for summary judgment, both parties asserting that there are no uncontested , issues of material fact, does not vitiate the court’s responsibility to determine whether disputed issues of material fact are present.”); Newark Morning Ledger Co. v. United States, 539 F.2d 929, 932 (3d Cir. 1976) (“[T]he general rule is that cross-motions for summary judgment do not. constitute, .an agreement that if one is rejected the other is warranted.”). Thus, the parties’ agreement below should not preclude us from holding that summary judgment is unwarranted for both Eil and the DEA. And to be clear, I see this fact—the difficulty with which one could identify the records’ subjects—as highly material. In' my view, it has the potential to tip Exemption 7(C)’s balancing test in either direction. For example, in the theoretically possible event that identifying the records’ subjects turned out to be exceedingly difficult—perhaps even bordering on impossible—that would substantially minimize the privacy interests here. Conversely, if—as the government contends, and the panel majority accepts—doing so turned out to be relatively straightforward, the privacy interest would indeed be at its “apex.” See U.S. Dep’t of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Depending on the extent to which disclosing the redacted records implicates the privacy interest of their subjects, that interest could potentially come up short against the public interest in disclosing those records. This is particularly so because the public interest here is perhaps not quite as insubstantial as the panel majority suggests. The majority correctly recognizes that the operative inquiry is not the public interest in the Volkman trial generally. Rather, it is the marginal benefit to that interest that would result from disclosing these records. See Nat’l Archives & Records Admin. v. Favish, 541 U.S. 157, 172, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004) (information sought must be likely to advance a significant public interest); Stalcup v. CIA, 768 F.3d 65, 74 (1st Cir. 2014) (disclosure unwarranted when it would not “yield any new information”). The panel majority is also right that extensive information about the Volkman trial is already available. But, it fails' to satisfactorily address Eil’s arguments' as to why disclosure of the records át issue here would further advance the public interest in “shed[ding] light on [the DEA’s] performance of its statutory duties.” Carpenter v. U.S. Dep’t of Justice, 470 F.3d 434, 440 (1st Cir. 2006). Eil emphasizes that the Volkman trial concerned the application of the Controlled Substances Act (“CSA”), see 21 U.S.C. § 841, to . Dr. Volkman’s activities in his capacity as a doctor. It is crucial, he stresses, to look to actual prosecutions to understand where the DEA, as Eil puts it, “draws, the line between being a doctor and being a drug dealer,” because the CSA does not indicate where that boundary lies. Eil further submits that the DEA selected the subset of documents it included in trial exhibits from a much larger set of documents. Therefore, those exhibits are particularly probative of the DEA’s views as to the distinction between legitimate and" illegitimate prescription-writing. In light of these observations, it appears highly likely that the exhibits themselyes would.yield at least some new information, see Stalcup, 768 F.3d at 74, not contained in the publicly available trial transcript and exhibit list from the Volkman trial, the parties’ briefs in the ensuing appeals, or the records that the DEA has provided to Eil.[7] And, in illustrating what the DEA found probative of Volkman’s having engaged in criminal behavior, those exhibits necessarily pertain to the public interest in elucidating the DEA’s discharge of its statutory duties. To be sure, the DEA’s pub-lically available documents outlining its policies regarding prescription-writing are certainly also informative in this respect. However, FOIA’s purpose is to allow citizens to know “what their government is up to,” not merely what their government says it is up to. Union Leader Corp., v. U.S. Dep’t of Homeland Sec., 749 F.3d 45, 50 (1st Cir. 2014) (quoting Reporters Comm., 489 U.S. at 773, 109 S.Ct. 1468). The notion that an agency’s representations about its activities and policies can supplant the disclosure of documents is rather incongruous with FOIA’s purpose. ■ Now, all of this is not to say that disclosure of the records in question would necessarily advance the public interest so far as to overcome the significant privacy interests at stake. I wish only to underscore that the public interest in disclosure here is greater than a de minimis interest. Ultimately though, it is futile to attempt to balance these interests with such a large piece of the puzzle missing. I cannot join in the panel majority’s assessment that “[o]n the facts of this case, where there has been substantial disclosure of pertinent information, Eil’s arguments are unconvincing,” when this case’s precise facts remain uncertain. I disagree that we should order the district court to enter summary judgment in favor of the DEA when we cannot be sure of the extent to which the documents Eil seeks implicate their subjects’ privacy. I therefore respectfully dissent. . Additionally, as we have neither the trial transcript nor the redacted records before us, it is also factually impossible for us to answer this question with any certainty. . The majority paints the dissent as ignoring the records that the DEA has disclosed. To be sure, the DEA has assured us that it has disclosed those records whose subjects are not readily identifiable, and retained only those records whose subjects risk identification. The disclosure of the former category of records, however, has little, if ány, bearing on the disputed factual question of how easily one could identify the subjects of the undisclosed records.