**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1686

———————

DOM WADHWA, MD,
                                   Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:15-cv-02777)
District Judge:  Honorable Robert B. Kugler

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  September 13, 2017)

———————

OPINION[*]

———————

PER CURIAM

　　Dom Wadhwa, M.D., appeals pro se from orders of the United States District

Court for the District of New Jersey, granting the defendant's motions for summary

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

judgment in this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  For the following reasons, we will affirm.

In 2015, Wadhwa submitted a FOIA request to the Philadelphia Veterans Affairs Medical Center (VA), seeking documents pertaining to complaints of employment discrimination.  For instance, Wadhwa's requested documents pertaining to discrimination complaints filed in the VA Office of Employment Discrimination Complaint Adjudication (OEDCA).  Notably, Wadhwa specifically requested documents that OEDCA "reviewed" and "considered" in "support" of its conclusions.  He also sought material concerning individual VA employees who were disciplined for discriminatory practices.  After conducting a search for responsive records among various agency components, the VA responded by disclosing in full a final agency decision, releasing some documents with partial redactions under FOIA Exemption 6, withholding other material in full citing FOIA Exemptions 5, 6, and 7(C), and refusing to confirm or deny the existence of disciplinary records concerning specific employees.

Unsatisfied with the VA's responses, Wadhwa filed a complaint in the District Court.  The VA filed a motion for summary judgment, which the District Court granted in part and denied in part.  In particular, the District Court concluded that the VA had demonstrated that its search for responsive documents was adequate, but held that it failed to adequately justify its use of FOIA Exemptions and its refusal to confirm or deny the existence of some employee disciplinary records.  As to those records, the District Court granted Wadhwa's "Motion to Compel Discovery."  Thereafter, the VA filed

another motion for summary judgment. The District Court granted that motion and vacated its order granting the "Motion to Compel Discovery," stating that new declarations from agency personnel sufficiently justified the agency's FOIA responses. Wadhwa appealed.[1]

We employ a two-tiered test in reviewing an order granting summary judgment in proceedings seeking disclosure under the FOIA. First, we must "decide whether the district court had an adequate factual basis for its determination[;]" and, second, we must "decide whether that determination was clearly erroneous." Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (quotations, citations omitted). We will reverse only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence[,] or where the district court has misapprehended the weight of the evidence." Lame v. U.S. Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985). Summary judgment may be granted on the basis of agency declarations if they are specific and detailed, and if there is no contradictory evidence on the record or evidence of agency bad faith. See Manna v. U.S. Dep't of Justice, 51 F.3d 1158, 1162-64 (3d Cir. 1995). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[1] Wadhwa also filed a timely motion for reconsideration, arguing that the VA's FOIA responses denied him "fundamental fairness of due process." We conclude that the District Court properly denied Wadhwa's motion because his disagreement with the District Court's analysis did not provide a basis for reconsideration. See Max's Seafood

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). The Exemption encompasses the traditional discovery privileges, including the deliberative process privilege, which "protects agency documents that are both predecisional and deliberative." Judicial Watch, Inc. v. FDA, 449 F.3d 141, 151 (D.C. Cir. 2006). Here, the VA explained that it used Exemption 5 to withhold a draft final agency decision, as well as "e-mails, letters, and other documents from and between staff members" of the OEDCA and the Office of Resolution Management. According to the VA, this material was generated within the agency as part of a "deliberative, pre-decisional process." This description provided a sufficient factual basis for the District Court's determination that the agency properly invoked Exemption 5, and we hold that the District Court's conclusion was not clearly erroneous. Indeed, draft reports and internal communications generated as part of agency decisionmaking may be properly withheld pursuant to Exemption 5. See Abdelfattah, 488 F.3d at 183 (protecting draft ICE incident report); see also Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank

---

Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

discussion among those who make them within the Government." (internal quotation marks and citations omitted)).

The VA also properly withheld material under Exemption 6.[2] Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Here, the VA withheld names, phone numbers, email addresses, and other identifying information concerning individuals, including complainants and witnesses, who were involved in adjudications of discrimination complaints.[3] In addition, the VA cited Exemption 6 in withholding individuals' financial information, such as bank account numbers, deposit slips, copies of cleared checks, and pay statements. This information implicates more than de minimis privacy interests, see Nat'l Ass'n of Retired Fed. Emps. v. Horner, 879 F.2d 873, 874 (D.C. Cir. 1989), and Wadhwa has failed to identify any public interest in disclosure, see Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. U.S. Dep't of Veterans Affairs, 135 F.3d 891, 897 (3d Cir. 1998) (recognizing that the only relevant public interest in disclosure is the extent to which

---

[2] The VA also relied on Exemption 7(C), which permits the withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). We need not address whether the responsive documents were compiled for law enforcement purposes because, as explained below, the VA properly withheld personally identifying information even under the narrower withholding standard of Exemption 6. See McDonnell v. United States, 4 F.3d 1227, 1254 (3d Cir. 1993).

[3] We note that the VA disclosed the identities of "top leadership of the medical center,"

5

disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government); Carpenter v. U.S. Dep't of Justice, 470 F.3d 434, 441 (1st Cir. 2006) (stating that there "is no public interest in supplementing an individual's request for discovery."). Therefore, in the absence of any public interest in disclosure, the District Court properly held that the VA's invocation of Exemption 6 was proper. See Horner, 879 F.2d at 879 (observing that "something, even a modest privacy interest, outweighs nothing every time.").

The VA also properly refused to confirm or deny the existence of employee disciplinary records. This so-called "Glomar response" is an "exception to the general rule that agencies must acknowledge the existence of information responsive to a FOIA request and provide specific, non-conclusory justifications for withholding that information[.]" Roth v. U.S. Dep't of Justice, 642 F.3d 1161, 1178 (D.C. Cir. 2011). The response is permitted only when "to answer the FOIA inquiry would cause harm cognizable under" an applicable statutory exemption. Wolf v. CIA, 473 F.3d 370, 374 (D.C. Cir. 2007). The agency must demonstrate that acknowledging the mere existence of responsive records would disclose exempt information. Id. Here, Wadhwa requested records concerning the "removal" of two VA doctors. He also sought "documents used as evidence in … any … disciplinary action cited as Title VII violation … that resulted in posting of 'Notice to employees' by Mr. Devansky, on December 2, 2014[,]" as well as records "of all the steps taken by management officials … to remedy the discrimination

such as the director, acting directors, acting associate directors, and chief of staff.

….”[4] Given Wadhwa's failure to identify any public interest in disclosure, even acknowledging the existence of misconduct or disciplinary records here would cause an unwarranted invasion of personal privacy. See Beck v. Dep't of Justice, 997 F.2d 1489, 1492-94 (D.C. Cir. 1993) (affirming Glomar response to request for records concerning misconduct by DEA agents).

In his brief, Wadhwa complains that the VA did not prepare a Vaughn index[5] and that the District Court did not conduct an in camera inspection of the withheld records. Although the VA did not submit a document labeled a Vaughn index, it did provide detailed declarations from agency employees that described the withheld information and the statutory basis for nondisclosure. The declarations were sufficiently detailed, and Wadhwa has not adequately demonstrated why in camera review was required. See Hinton v. Dep't of Justice, 844 F.2d 126, 129 (3d Cir. 1988) (stating that there "is no set formula for a Vaughn Index"); Loving v. Dep't of Def., 550 F.3d 32, 41 (D.C. Cir. 2008)

---

[4] Although this request appears to broadly seek documents used in employee disciplinary proceedings, the VA explained that it necessarily refers to a specific employee. According to the VA, the "Notice of employees" "is not merely a general notice … of Agency policy … [but] is a notice required in response to a finding of discrimination on a specific case, pertaining to a specific individual." That individual can be identified by name and date included in the request.

[5] A Vaughn index is a document prepared by the agency that identifies each document withheld, the statutory exemption claimed, and a particularized description of how each document withheld falls within a statutory exemption. Coastal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 984 (3d Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

7

(noting that district courts have broad discretion to decide if in camera review is necessary).

For the reasons given, we will affirm the judgment of the District Court.